NicholsON, C. J.,
delivered the opinion of the Court.
Plaintiff in error was indicted, in the Circuit Court of Putnam county, for moving into a house used as a church by a worshiping congregation of Cumberland Presbyterians. He was proved guilty, and appeals to this Court.
The prosecution is based upon Sec. 4652, sub-sec. 3, of the Code, which makes it a misdemeanor “to move into any tent, out-house or other building, belonging to *106 any religious or worshiping assembly, without leave from the person in charge.”
The proof shows that a congregation of Cumberland Presbyterians, known as the Hopewell Congregation, had used the grounds where the church is situated as a camp ground, from 1844 until’ 1854, when the house was built; that plaintiff in error moved into it in March, 1870, up to which time it had been used as a place of worship. It was further proved that plaintiff in error moved into the house without the leave of the Elders of the church, who had charge of it. The State offered to read a deed for the house and ground, made in 1844, by Daniel Campbell, to the Cumberland Presbyterian Society, for the land, including the house, for purposes of worship. The reading of the deed was objected to, because it was not properly proven and registered; which objection was sustained. The State then proved'the signature of Daniel Campbell to the deed, when it was allowed to be read over the objection of the plaintiff in error-. There was no error in allowing the deed to be read, for the purpose of showing that the religious congregation had held and claimed the premises from its date in 1844 until it was intruded into by plaintiff in error. There was really no necessity for reading the deed; the long-continued possession was enough.
Plaintiff undertook to show that he moved into the house under an equitable title, based upon a title bond made to him in 1866, by "W\ S. Saylors, who claimed the land, including the premises in controversy, by conveyances from Daniel Campbell; but none of the conveyances were produced, nor did plaintiff in error produce *107 bis title bond; but, upon proof that it was lost, offered to prove its contents. This was objected to by the State, and the secondary evidence rejected by the Court, because it was shown that the lost bond was not stamped.
The rejection of the secondary evidence for the reason given by the Court, was erroneous, under the holding of this Court on the subject of stamps. But the plaintiff in error was not injured by the exclusion of the proof. If he had had his title bond, it could not have availed him anything. The Hopewell Society held the legal title, and had been in actual possession more than twenty years, when plaintiff in error bought, and took a title bond. The title of the Society was perfect, and plaintiff in error could not have justified his taking possession under his title bond, if he had produced it before a jury. On this ground, its rejection as evidence was not erroneous. It was not intended by the Legislature that questions of title to real estate should be tried upon an indictment for moving into church buildings. The State had shown that the Hopewell Society was rightfully in possession of the house for purposes of worship, and that their possession had been continuous for more than twenty years. Under such circumstances, the plaintiff in error could not, in violation of the law, move into the house under a claim of title, for the mere purpose of raising an issue as to the title; and especially could he not do this when he was undertaking to controvert a legal title, backed by long possession, by a lost title bond, resting on no legal conveyance, as far as this record' shows. There was, therefore, no error of which plaintiff in error *108 can rightfully complain, in the rejection of the evidence as to the contents of the title bond.
The charge of the Circuit Judge was entirely unexceptionable, and the jury were well warranted in finding a verdict of guilty.
The judgment is affirmed.